IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-0323-ZLW-CBS

ELIZABETH L. HARTLEY,
    Plaintiff,
v.

DEPARTMENT OF AGRICULTURE, Forest Service Agency,[1]
TOM J. VILSACK, Secretary, and
PATTY BILLS, Office Mgr.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendants' Motion to Dismiss Third Amended Complaint" (filed August 17, 2010) (doc. # 33).  Pursuant to the May 26, 2010 Order of Reference and the memorandum dated August 17, 2010 (doc. # 35), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Plaintiff Ms. Hartley brings her Third Amended Complaint ("TAC") pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-5) and "Section 501 of the Rehabilitation Act of 1973." (*See* TAC (doc. # 10) at p. 1 of 9, ¶¶ 3, 6).  Ms. Hartley

---

[1]    The Forest Service is an agency within the Department of Agriculture.

1

alleges that in 2004 she suffered employment discrimination based on her age, 77 years at the time of the events alleged.  (*See id.* at p. 3 of 9).  She also appears to allege that she was subject to discrimination based on a disability.  (*See id.* at p. 1 of 9 ("Jurisdiction also is asserted pursuant to the following statutory authority: Section 501 of the Rehabilitation Act 1973.").

      During the relevant time period, Ms. Hartley worked as an "Information Specialist" in a "Term Employment position" for the U.S. Forest Service at the Worland, Wyoming office.  (*See* TAC (doc. # 10) at p. 3 of 9).  Between June 2, 1996 and October 30, 2004, Ms. Hartley worked a total of 396 hours.  (*See* doc. # 10 at p. 6 of 9).  Ms. Hartley alleges that in May 2004, "I was refused authorization for an eight hour re-certification for Forest Service Protection Officer training in Buffalo, Wyoming," and "I was informed that I was no longer authorized to drive government vehicles."  (*See id.*).  Ms. Hartley alleges that in October of 2004 "I was subjected to supervisory harassment and disparaging remarks," "I was terminated from my term appointment as an Information Receptionist with the Bighorn National Forest," "I was given derogatory job performance review by my supervisor, Patty Bills, which up to that point had been satisfactory," and "I feel that I was decimated [sic] based on age – due to the disparaging remarks made by my supervisor Patty Bills."  (*See* TAC (doc. # 10) at p. 3 of 9).  Ms. Hartley seeks "loss of wages and retirement benefits and expected wage increases from the time of separation to the current date, $25,000.00 – $30,000.00 a year," "[r]einstatement of health care benefits which were denied due to being short one year of vestment.  Approximate value $4,000.00 annually," and "[f]or loss of my good name and professional status, $10,000,000.00" (ten million dollars).  (*See* TAC (doc. #

10) at p. 9 of 9).

II.     Standard of Review

Defendants move to dismiss the TAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and legal conclusions couched as factual allegations are insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 545). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Because Ms. Hartley appears *pro se*, the court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

On August 23, 2010, while Ms. Hartley was present in open court, the court directed her to file any response to Defendants' Motion to Dismiss on or before September 24, 2010. (*See* Courtroom Minutes/Minute Order (doc. # 36)). Ms. Hartley's copy of the Courtroom Minutes/Minute Order was also mailed to her current address of record with the court and was not returned to the court in the mail as undeliverable. As of this date, Ms. Hartley has not filed any response to the Motion to Dismiss. "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to

dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).

III.    Analysis

A.    Title VII

Ms. Hartley incorrectly brings her age discrimination claim under Title VII, which does not address such discrimination. Ms. Hartley's age discrimination claim is more properly asserted under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. As the TAC put Defendants on notice that Ms. Hartley is claiming age discrimination, it is not fatally flawed merely because it cites to an incorrect statute. "A plaintiff should not be prevented from pursuing a claim simply because of a failure to set forth in the complaint a theory on which plaintiff could recover, provided that a late shift in the theory of the case will not prejudice the other party in maintaining its defense." *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004). Ms. Hartley's error is not a "late shift" in the case, as Defendants were aware from the TAC itself that they are accused of age discrimination and have moved to dismiss such a claim. The TAC is not properly dismissed for failure to state a claim on the basis that Ms. Hartley improperly brought her claims under Title VII.

B.    Individual Liability

To the extent that Ms. Hartley may be attempting to sue any of the Defendants in

their individual capacities, she cannot maintain claims for age discrimination or disability discrimination under federal law against Defendants in their individual capacities. *See Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) (supervisors do not meet the statutory definition of an "employer" of the Rehabilitation Act); *Ledbetter v. City of Topeka*, 112 F. Supp. 2d 1239, 1244 (D. Kan. 2000) ("individual supervisor liability is not proper under the ADEA") (citation omitted)). *See also Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995) (recognizing that supervisors, as employees, cannot be held individually liable under the ADEA or Title VII). To the extent that Ms. Hartley may be suing any of the Defendants in their individual capacities for discrimination under federal law, such claims are properly dismissed with prejudice.

C.    Age Discrimination

"The Age Discrimination in Employment Act (ADEA) provides a remedy for discrimination in private employment on the basis of age." *Maxey v. Restaurant Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009) (citations omitted). To prevail on her claim under the ADEA, Ms. Hartley must prove by a preponderance of the evidence that her age was the "but-for" cause of her allegations of adverse action. *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343, 2351 (2009); *accord Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th cir. 1996) (age must be a "determining factor" in the employer's challenged decision before liability will attach under the ADEA).

Individual employment discrimination claims are typically analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Orr v. City of Albuquerque*, 531 F.3d 1210, 1214 (10th Cir. 2008). Under the

*McDonnell Douglas* framework, the initial burden is on a plaintiff to establish a prima facie case of discrimination.  A plaintiff is not required to meet this burden to survive a Rule 12(b)(6) motion.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (prima facie case functions as "an evidentiary standard, not a pleading requirement").  *See also Twombly*, 550 U.S. at 569-70 (discussing this portion of *Swierkiewicz* and emphasizing that it remains good law).  The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  *See also Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (*Swierkiewicz* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim).

To state a prima facie case of age discrimination, Ms. Hartley must allege facts plausibly showing that: (1) she was a member of a protected class, that is, she was over 40 years old; (2) that she suffered an adverse employment action; and (3) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *Hysten v. Burlington Northern and Santa Fe Railway Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002) (citation omitted).  Defendants do not dispute that Ms. Hartley falls within the protected class.  The court concludes that the TAC is devoid of any factual allegations that would plausibly support a prima facie case of age discrimination.  *See Riley v. Vilsack*, 665 F. Supp. 2d 1994, 1002 (W.D. Wis. 2009) (after *Iqbal*, "a plaintiff must include some allegations about each element [of a claim], or at least allegations from which a court can draw reasonable inferences about each of

the elements").

First, several of Ms. Hartley's allegations do not involve "adverse employment actions." To establish an adverse employment action, the employee must demonstrate that the employer's conduct was " 'materially adverse' to the employee's job status." *Wells v. Colorado Dept. of Transp.*, 325 F.3d 1205, 1213 (10th Cir. 2003) (quoting *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 533 (10th Cir. 1998)). "[A] mere inconvenience or an alteration of job responsibilities is not an adverse employment action." *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004) (internal quotation marks and citation omitted). Instead, to qualify as an adverse employment action, the action must result in "a significant change in employment status, such as . . . firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Aquilino v. Univ. of Kan.*, 268 F.3d 930, 934 (10th Cir. 2001) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). *Accord Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 1998).

"[U]nsubstantiated oral reprimands and unnecessary derogatory comments . . . are not included within the definition of adverse [employment] action absent evidence that they had some impact on the employee's employment status." *Sanchez*, 164 F.3d at 533 (quotation omitted); *accord Wells*, 325 F.3d at 1214. *See also Mirzai v. State of New Mexico General Services Dept.*, 506 F. Supp. 2d 767, 785 (D. N.M. 2007) (demeaning or allegedly disagreeable treatment does not constitute an adverse employment action). Further, a satisfactory performance evaluation, although lower than previous evaluations, is not an adverse employment action where the employee "presented no evidence of adverse action relating to her evaluation." *Meredith v. Beech*

*Aircraft Corp.*, 18 F.3d 890, 896 (10th Cir. 1994).  *See also Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1996) (holding that negative performance evaluation was not an adverse employment action where employer did not take any other action against employee);  *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 756 (2d Cir. 2004) (same).  Where denial of training does not impact pay, job duties, promotion opportunities, or job status, it is not a materially adverse employment action.  *Luchaco v. Colorado State Patrol*, 2010 WL 3430850 at * 8-9 (D. Colo. Aug. 30, 2010).

  As Ms. Hartley does not allege that the denial of access to monthly meetings in Buffalo, Wyoming, the loss of authorization to drive government vehicles, or the denial of an eight-hour re-certification training in any way affected her employment status as an Information Specialist, she has not alleged an adverse employment action.  *See Belgasem v. Water Pik Technologies, Inc.*, 457 F. Supp. 2d 1205, 1215 (D. Colo. 2006) (absent evidence or information on the specific training denied or other employees' relevant training, plaintiff could not show adverse employment action);  *Carl v. Parmely*, 188 F. Supp. 2d 991, 1004-05 (S.D. Ill. 2001) (denial of permission to drive street sweeper not a tangible adverse employment action).  "[N]ot everything that makes an employee unhappy qualifies" as an adverse employment action."  *Sanchez*, 164 F.3d at 533 (internal quotation marks and citation omitted).  Ms. Hartley's allegations of denial of "access" to monthly Forest Service meetings in Buffalo, Wyoming, one "derogatory job performance review," "disparaging remarks," refusal to allow her to participate in an eight-hour re-certification course for Forest Service Protection Officers, and a withdrawal of her authorization to drive a government vehicle (*see* TAC at p. 3 of 9) do not rise to the level of adverse employment actions.

Ms. Hartley also alleges that her term employment was not renewed when it expired in October 2004.[2] While nonrenewal may constitute an adverse employment action, Ms. Hartley alleges no facts to plausibly support that her age was the determining factor — or a factor at all — in the decision not to renew her term employment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000) (plaintiff must prove that age "actually motivated the employer's decision" and "had a determinative influence on the outcome") (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Ms. Hartley was already 68 years old when she was hired "in a summer term employment' in 1996, 74 years old when she "was hired for a year around position . . . in a Term Employment position," and 77 years old when her term was not renewed. (*See* TAC (doc. # 10) at p. 6 of 9). Ms. Hartley does not allege any facts that a similarly situated employee was treated more favorably. *See Hysten*, 296 F.3d at 1181 ("[O]rdinarily the third part of this test will be satisfied by proof that the employer treated similarly situated employees more favorably."). *See also Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000) (defining "similarly situated" employee). The TAC contains only Ms. Hartley's conclusory statements that "I feel that I was" the victim of age discrimination (*see* TAC at p. 3 of 9), precisely the type of formulaic allegations not entitled to a presumption of truth. *See Iqbal*, 129 S. Ct. at 1949 (pleading standard "does not require detailed factual allegations but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal

---

[2] Ms. Hartley indicated "failure to hire" under the Nature of the Case section of the TAC. (*See* doc. # 10 at p. 2 of 9 ¶ 10). Her allegations refer to the nonrenewal of her term employment. (*See id.* at p. 3 of 9).

quotation marks and citation omitted).  "A pleading that offers 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.  See also Maxey*, 654 F. Supp. 2d 1284, 1294 n. 2 ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotation marks and citation omitted).  Ms. Hartley has not alleged any facts that would enable the court to infer even "the mere possibility of misconduct" by Defendants.  *Iqbal*, 129 S. Ct. at 1950.  Other than the *Iqbal*-precluded conclusory allegation that Defendants discriminated against her because of her age, Ms. Hartley nowhere alleges any link to her age.  Ms. Hartley's allegations raise no inference that but for her age she would not have been terminated.  For all of the above-described reasons, Ms. Hartley's age discrimination claim is properly dismissed for failure to state a claim for which relief can be granted.

D.     Hostile Work Environment

Ms. Hartley mentions a "[h]ostile work environment created by my supervisor" and that she "was subjected to supervisory harassment."  (*See* TAC at pp. 2, 3 of 9).

Courts have held that hostile work environment claims are cognizable under the ADEA and said claims are analyzed in the same manner as sexual harassment claims. *See Hubbell v. World Kitchen, LLC*, 688 F. Supp. 2d 401, 419 (citation omitted); *Beaubrun v. Thomas Jefferson Univ.*, 578 F. Supp. 2d 777, 783 n. 8 (E.D. Pa. 2008). An employee experiences a hostile work environment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  In evaluating a hostile work environment claim, the court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.  The plaintiff must also show that the harassment was based on age.  *See Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004).

"[T]he environment must be both subjectively and objectively hostile or abusive." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005).  *See also Faragher v. City of Boca Raton*, 524 U.S. 775, 787 ("A sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so.").  In light of this reasonable person standard, "conduct must be extreme to amount to a change in the terms and conditions of employment . . ." *Id.* at 788 (noting "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment") (internal quotation marks and citation omitted).  *See also MacKenzie*, 414 F.3d at 1280 (in judging hostility, court "should filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of age-related jokes, and occasional teasing").

Again, the elements of a prima facie discrimination claim are relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).  *See*

*also Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim remains unaltered).  Ms. Hartley pleads no facts that plausibly support a claim for hostile work environment.  She asserts that her supervisor made an unidentified number of "disparaging remarks" that she does not describe.  (*See* TAC at ¶ 4).  She does not allege the frequency with which these remarks allegedly occurred.  She does not allege that these remarks were sufficient to permeate the workplace with the discriminatory animus required to establish a hostile work environment claim.  Nor does Ms. Hartley allege any facts to show a connection between the alleged negative remarks and her age.  She does not plead any facts suggesting conduct sufficiently severe and pervasive as to alter the conditions of her employment or create an abusive working environment.  Ms. Hartley's allegations are insufficient to support a claim for a hostile work environment that was permeated with discriminatory insult.  *See MacKenzie*, 414 F.3d at 1280.  Because Ms. Hartley has not alleged any facts that permit the court to infer even "the mere possibility" that she was subject to a hostile work environment, *see Iqbal*, 129 S. Ct. at 1950, any hostile work environment claim is properly dismissed for failure to state a claim.

E.     Disability Discrimination

As a basis for this court's jurisdiction over her suit, Ms. Hartley mentions the Rehabilitation Act.  (*See* TAC at p. 1 ¶ 6).

Section 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding. 29 U.S.C. § 794.  Under the Rehabilitation Act of 1973,

a claim for disparate treatment is analyzed like one under Title VII, under the *McDonnell Douglas* framework. *See Cummings v. Norton*, 393 F.3d 1186, 1189 (10th Cir. 2005). "The Rehabilitation Act expressly incorporates and adopts the employment discrimination standards contained in Title I of the Americans with Disabilities Act ["ADA"], . . . [t]hus, decisions under both Acts apply interchangeably to [the court's] analysis." *Detterline v. Salazar*, No. 07-1443, 2009 WL 929092, at *3 (10th Cir. April 7, 2009) (internal quotation marks and citation omitted).[3]

To establish a case of disability discrimination without direct evidence of discrimination, a plaintiff must first make out a prima facie case of discrimination. *Cummings*, 393 F.3d at 1189. To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is disabled as defined by the Act; (2) she was otherwise qualified for the job regardless of the disability; and (3) her employer discriminated against her based on her disability. *Cummings*, 393 F.3d at 1189. *See also Rakity v. Dillon Cos., Inc.*, 302 F.3d 1152, 1164 (10th Cir. 2002) (discussing elements of prima facie case of discrimination under the ADA). With respect to the first element of a prima facie case, the Rehabilitation Act defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an

---

[3] The Rehabilitation Act provides that "in employment discrimination cases alleging violations of the Rehabilitation Act, '[t]he standards used to determine whether [section 794] of the Rehabilitation Act] has been violated . . . shall be the standards applied under Title I of the Americans with Disabilities Act ("ADA")." 29 U.S.C. § 794(d). The ADA was amended, effective January 1, 2009, by the ADA Amendments Act of 2008. "It is unnecessary to consider the effect of those changes," as all the conduct Ms. Hartley complains of occurred in 2004 or earlier. *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1261 n. 2 (10th Cir. 2009).

impairment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

Once again, the elements of a prima facie discrimination claim are relevant to the determination of whether a complaint and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). The court finds that Ms. Hartley has failed to plausibly state any facts that would allow her to establish even the first prong of a prima facie case of discrimination based on disability. Ms. Hartley has not alleged that she was "disabled" as defined by the Act. The first element of a disability discrimination claim is that the plaintiff has a qualifying disability under the statute. *Kellogg v. Energy Safety Services, Inc.*, 544 F.3d 1121, 1124 (10th Cir. 2008) (applying ADA). Ms. Hartley has not alleged any physical or mental impairment that substantially limited one or more of her major life activities during the time period she was employed by the Forest Service. She does not allege any facts that would indicate the existence of a "record of an impairment" or that any other Forest Service employee regarded her as having an impairment. Ms. Hartley does not allege that any Forest Service employee was aware she had any disability or that the treatment she alleges was based on any disability. In order to state a claim, it is necessary for Ms. Hartley to allege sufficient facts concerning her alleged disability. She alleges no facts that would plausibly state a claim that the conduct she challenges was discrimination based on a disability. The TAC fails to state a claim for disability discrimination because it contains no allegation of a disability or any conduct reflecting discriminatory treatment because of a disability.

Accordingly, IT IS RECOMMENDED that "Defendants' Motion to Dismiss Third Amended Complaint" (filed August 17, 2010) (doc. # 33) be GRANTED and this civil action be DISMISSED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely

and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    DATED at Denver, Colorado this 29th day of November, 2010.

                                            BY THE COURT:

                                             s/Craig B. Shaffer
                                            United States Magistrate Judge